FILED
MARCH 4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br> v. <br><br> MAXWELL PLUMBING CO., LTD. an Illinois corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: <br><br> **08 C 1283** <br><br> **JUDGE HIBBLER** <br> **MAGISTRATE JUDGE ASHMAN** |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy Carollo, and Charles Ingrassia, and for their Complaint against Defendant Maxwell Plumbing Co., Ltd., state:

### COUNT I

(Failure To Pay Benefit Contributions)

1.  Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Maxwell Plumbing Co., Ltd., (hereinafter the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the

most recent of which became effective June 1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7. Roger Maxwell, (hereinafter "Maxwell"), is and was at all times relevant the Managing Manager and a shareholder of the Company. The Company and the Funds have been parties to successive the Laborers' Health and Welfare Fund Participation Agreement [for] Non-Bargained Employees (referred to hereinafter as "Individual Self-Contributor Agreement") on behalf of Maxwell, the most recent of which became effective July 15, 2001. A true and accurate copy of the Individual Self-Contributor Agreement is attached as Exhibit B.

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Underground Contractors' Association ("UCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

9. The Agreement, the Individual Self-Contributor Agreement, and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement and Maxwell for pension benefits, health and welfare benefits, and/or benefits for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee and Maxwell. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

10. The Agreement, the Individual Self-Contributor Agreement, and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

12. Notwithstanding the obligations imposed by the Agreement, the Individual Self-Contributor Agreement, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to report and pay contributions owed to Plaintiff Laborers' Pension Fund for Company covered employees from December 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

4

(b)     failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for Company covered employees and Maxwell from December 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay all contributions owed to Laborers' Training Fund for Company covered employees from December 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for Company covered employees from December 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)     failed to obtain and maintain a bond in accordance with the Collective Bargaining Agreement.

13.     The Company failed to timely submit Company covered employee contributions for the month of November 2007. As a result, the Company owes $393.12 in unpaid late fees to the Funds.

14.     The Company's failure to timely submit current reports and contributions and obtain and maintain a bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Individual Self-Contributor Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Maxwell Plumbing Co. Ltd.:

a.      directing the Company to submit all outstanding company and individual self-contributor reports and contributions, to submit accumulated liquidated damages, and to submit its books and records to an audit upon demand by Plaintiffs;

b.      entering judgment in sum certain against Defendant on the amounts due and owing pursuant to the outstanding company and individual self-contributor reports, contribution shortages, accumulated liquidated damages, audit if any, including interest, liquidated damages, audit costs, and attorneys' fees and costs;

c.      ordering the Defendant to obtain and maintain a surety bond; and

d.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit Union Dues)

16.     Plaintiffs reallege paragraphs 1 through 11 of Count I.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement and the Individual Self-Contributor Agreement, the Company has failed to submit company union dues that were or should have been withheld from the wages of its employees performing covered work for the period of October 2007 forward, and has failed to submit individual self-contributor union dues that were or should have been withheld from the wages of Maxwell for the period of October 2007 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

19. The Company failed to timely submit dues for employees performing covered work for the months of August and September 2007. As a result, the Company owes $33.06 in unpaid late fees to the Funds.

20. The Company failed to timely submit individual self-contributor union dues for Maxwell for the months of August and September 2007. As a result, the Company owes $41.81 in unpaid late fees to the Funds.

21. Pursuant to the Agreement and the Individual Self-Contributor Agreement, the Company is liable to the Funds for the unpaid union dues, liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Maxwell Plumbing Co., Ltd., ordering the Company to submit current Company dues reports and individual self-contributor dues reports and dues, submit its books and records to the Funds for an audit upon demand, ordering the Company to pay any union dues revealed as due and owing on the delinquent reports and audit together with all attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

March 4, 2008

                                              Laborers' Pension Fund, et al.

                                              By: /s/ Amy Carollo

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 53 W. Jackson Blvd., Suite 550
Chicago, IL  60604
(312) 692-1540



### HEADQUARTERS OF
# Construction & General Laborers'
## District Council of Chicago and Vicinity

Affiliated with the Laborers' International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, 1092, 1094

**Joseph A. Lombardo, Jr**
Secretary-Treasurer

**MEMORANDUM OF JOINT WORKING AGREEMENT**

**Ernest Kumerow**
President
Business Manager

It is hereby stipulated and agreed by and between X **Maxwell Plbg, Inc.** hereinafter the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, 1092, and 1094, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Wall Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendment thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then this agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

| | Wages | |
|---|---|---|
| June 1, 1988 | $16.05 per hour | Wages |
| | 1.37 per hour | Health & Welfare Fund |
| To | 1.30 per hour | Pension Fund |
| | .10 per hour | Training Fund |
| | .02 per hour | M.C.I.A.F. |
| May 31, 1989 | Dues Deductions are $0.20 per hour for each hour worked. | |
| June 1, 1989 | A Seventy Five Cent (.75¢) per hour increase to be allocated between wages and benefits. | |
| | One Cent (.01¢) per hour Chicagoland Construction Safety Council. | |
| To | Welfare and Pension remain as above unless additions are allocated. | |
| | Training remain as above unless additions are allocated. | |
| | M.C.I.A.F. remain as above. | |
| May 31, 1990 | Dues deductions are $0.20 per hour unless notified of an increase. | |
| June 1, 1990 | A Seventy Five Cent (.75¢) per hour increase to be allocated between wages and benefits. | |
| | Welfare and Pension remain as above unless additions are allocated. | |
| To | Training remain as above unless additions are allocated. | |
| | M.C.I.A.F. and Chicagoland Construction Safety Council remain as above. | |
| May 31, 1991 | Dues deductions are $0.20 per hour unless notified of an increase. | |

All additional wage rate, dues checkoff, or fringe benefit increases as negotiated after May 31, 1991 shall be incorporated in this Memorandum of Agreements.

7. Effective June 1, 1989 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated by the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1991 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at _Aurora, Il._ this _8th_ day of _Feb_, 19_91_

ACCEPTED:
Laborers' Local Union No. _149_

By _Joseph A. Klaus_

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By _Ernest Kumerow_
Ernest Kumerow, President - Business Manager

By _Joseph A. Lombardo, Jr._
Joseph A. Lombardo, Jr. Secretary-Treasurer

X _Maxwell Plbg, Inc._ (Employer)
By X _Roger Maxwell_ (Vice-Pres)
(Name & Title)

X _16636 Blossom Lane, Tinley Park 60477_
(Address)

X _(708) 614-1950_
(Telephone)

**LOCAL UNION**

**EXHIBIT A**

# HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY



11465 CERMAK ROAD
WESTCHESTER, ILLINOIS 60154

TELEPHONE: 1-708-562-0200
PENSION FAX NO.: 1-708-562-0790
WELFARE FAX NO.: 1-708-562-0716

## LABORERS' HEALTH AND WELFARE FUND PARTICIPATION AGREEMENT
## NON-BARGAINED EMPLOYEES

OF TRUSTEES
ISTRATOR
S R. MURPHY
URER
PH A. LOMBARDO, JR.
TARY
VINCI
BOR
DeROSE
ST KUMEROW
PH A. LOMBARDO, JR.
JERONI
K RILEY
STARCEVICH
PLOYERS
IOND R. BECKER
AM O. KINAST
LORIG
E ORFEI
R VIGNOCCHI
VINCI

THIS AGREEMENT shall be entered into by and between __MAXWELL PLUMBING CO. LTD.__, (insert the Employer's complete name) who acknowledges that it is a duly licensed corporation under the laws of the State of __ILLINOIS__, _____ (if a partnership or sole proprietor, then so indicate in the space above), (hereinafter called the "Employer"), and the LABORERS' HEALTH AND WELFARE FUND (hereinafter called the "Fund"), who intend to enter into a written agreement required by Section 302(c) of the LABOR-MANAGEMENT RELATIONS ACT OF 1947, as amended, to permit the Funds to receive contributions on behalf of eligible employees of said Employer.

1. The Employer hereby agrees to contribute to the Fund for each eligible employee as hereinafter defined, contributions in an amount equal to the amounts required of Employers pursuant to the uniform Collective Bargaining Agreements currently in effect between the Builders' Association of Chicago, Underground Contractors Association, Mason Contractors' Association of Cook County, Illinois Road Builders' Association, Concrete Contractors' Association of Greater Chicago, Employing Plasters' Association of Greater Chicago, and Lake County Contractors Association and all other employer associations (hereinafter called the "Associations") and the Construction and General Laborers' District Council of Chicago and Vicinity (hereinafter called the ("Union") as such amounts may be amended from time to time by collective bargaining between the Associations and the Union as required by resolution of the Board of Trustees in the case of non-bargained employees.

Eligible employees shall be defined as:

a) All bargaining-unit employees as defined in the Collective Bargaining Agreement, Plan, or Trust Agreement.

### Employers Performing Bargaining Unit Work

b) Participating employees of the Employer including corporate officers provided that the said corporation, partnership or sole proprietors have now entered into a

-1-

EXHIBIT B

participation agreement for non-bargained for employees requiring contributions on all employees where such stock, title, or interest be held in their name or in the name of another for their benefit.

The undersigned Employer agrees that in those cases in which a stockholder/shareholder/owner wishes to participate as an employee of said corporation, and is actively performing bargaining unit work, may participate in the plan of benefits, and will not be required to make contributions on behalf of any other non-bargained for employees so long as contributions are limited to individuals performing bargaining unit work.

It is further understood that less than 10 percent of the total participants of said plan may be stockholders, officers or owners in a non-bargained for category and that the Trustees reserve the right to terminate any and all partners, sole proprietors or corporate employees who might be deemed Employers and not employees of a corporation, sole proprietor or owner, in order to maintain a balance, reducing the number of participants to less than 10 percent of the over-all beneficiaries of the plan if such is deemed required in the sole discretion of the Board of Trustees, or by any State or Federal statute or regulation.

The undersigned Employer further acknowledges that non-bargaining unit employees as defined in Paragraph (b), eligible to participate in the Fund, shall be limited to those corporate employees who had previously been members of a laborers' bargaining unit for whom contributions had been made for bargaining unit work performed.

2. The aforementioned contributions shall be made on each eligible employee, whether a bargaining-unit or nonbargaining-unit employee as defined by and provided for in the Plan of Benefits and Rules and Regulations promulgated and adopted by the Trustees pursuant to the Agreement and Declaration of Trust creating the Fund and as may be amended from time to time.

a) Contributions shall be made on behalf of bargaining-unit employees based upon the terms of the Collective Bargaining Agreement, Trust Agreement or Plan hereinafter defined.

b) Employer/owner acknowledges that he has an affirmative responsibility to notify the Trust Funds as to whether or not the stockholder/owner is an active participant in bargaining unit work and to notify the Funds at any time said stockholder/owner is no longer an active participant in bargaining unit work.

c) Contributions for non-bargaining unit employees:

(a) Eligible participating non-bargained employees shall be contributed for at the hourly rate of contributions as called for in the Collective Bargaining Agreement or for said amount and for said hours as may be amended by the Board of Trustees from time to time through the Collective Bargaining Agreement or as a result of appropriate resolutions passed by the Board of

Trustees required for the proper operation of the Trust, within the sole discretion of the Board of Trustees for a minimum of forty hours per week, 52 weeks per year, so long as employment continues, beginning with the first hour of employment on the day in which this document is executed by the Employer. *(or actual hours worked)*

Contributions for an owner/employee must be for a minimum of two thousand eighty hours per year. Note, that the provision is a minimum of two thousand eighty hours per year. If you work more than two thousand eighty hours, you must contribute the higher.

(b) An Employer may contribute on a voluntary basis for any employee as a non-bargained employee but at no time may contributions be for a lesser rate or for less hours than the required rate and hours as required by the Board of Trustees for non-bargained employees, provided that all similar employees in the company are treated in the same manner and provided that work performed for the employer shall be deemed meaningful by the Board of Trustees and not simply for the purposes of obtaining coverage under this Plan.

(c) Any employee who once becomes eligible or is contributed for in any week must remain an eligible employee and contributions must continue for the duration of employment or subsequent employment.

(d) Eligible employees requiring contributions shall be in the sole determination of the Board of Trustees, and the Employer shall be required to submit quarterly Employer report forms including but not limited to State and Federal Employer report forms, upon demand of the Board of Trustees, in order to determine employee eligibility.

3. The Employer's obligation to contribute may survive any bargaining agreement for the duration of this participation agreement as further consideration for allowing non-bargained participation.

4. The Employer adopts and agrees to be bound by all the terms and provisions of the Agreement and Declaration of Trust and Plan creating the Fund (hereinafter called the "Trust Agreement and/or Plan of Benefits") as fully as if the Employer were an original party thereto, receipt of a copy of which the Employer thereby acknowledges. The Employer hereby designates as its representatives on the Board of Trustees of the Fund the Employer Trustees named in said Trust Agreement, together with their successor, selected in the manner provided therein. The Employer agrees to be bound by and to ratify all actions taken by said Trustees pursuant to the powers granted them by the Trust Agreement.

5. Execution of this Participation Agreement by representatives of the Employer and the Board of Trustees hereby indicates acceptance of the Employees covered hereunder by the Trustees for participation in the Fund and also indicates agreement by the Employer and the Trustees to the terms and conditions recited above regarding the participation of the employees and the Employer in the Fund.

6. This Agreement shall remain in full force and effect for the term of the current Collective Bargaining Agreement between the Association and the Union and shall be automatically renewed from time to time for terms coterminous with those of the aforementioned Collective Bargaining Agreements as the same may be renegotiated from time to time however it is understood between the Fund and the Employer that the minimum period of this agreement shall be three (3) years from the date of its execution which may be a greater period then the current of any subsequent Collective Bargaining Agreement.

7. Any Employer signing this agreement who chooses to contribute to only the Welfare Plan, recognizes and agrees that bargaining unit employees must be contributed for both the Pension and Welfare Funds.

Any non-bargained employee who fails to perform meaningful bargaining unit work shall become ineligible to make further contributions or to pay further benefits. Any said employee who is contributed for shall not receive benefits and all contributions made on his behalf shall be forfeited. Any remaining eligible employees shall continue to be contributed for unless terminated by the Board of Trustees nor will any violation of this agreement affect the requirement of the Employer to pay contributions for bargaining unit employees unless terminated by resolution of the Board of Trustees.

An Employer desiring to terminate this Agreement must give 60 days' notice prior to the termination date of the existing Collective Bargaining Agreement between the Union and the Association of the Employer's desire to terminate this agreement. If the Employer fails to give timely notice to the Trustees, the Employer shall be bound to the provisions of the Agreement for the period of the next Collective Bargaining Agreement and thereafter until proper notice is given but in no event for less than three years unless terminated by the Trustees.

IN WITNESS WHEREOF, the Employer and the Trustees have caused this Participation Agreement to be executed on their behalf by duly authorized officers on the dates appearing opposite their signatures.

(a) We declare the following corporate employees to be stockholders/owners actively performing bargaining unit work:

| Name | Social Security Number |
|---|---|
| Roger Maxwell | ███████-5008 |
| | |
| | |
| | |
| | |

(If additional lines are needed, please attach on a separate piece of paper.)

### DECLINATION STATEMENT

Execution of this participation agreement is a condition precedent for participation in non-bargained status but failure to execute will not effect the Employers' obligation to otherwise contribute for bargaining unit employees.

Employer (Name of Company)
Roger Maxwell
Name: MAXWELL PLUMBING CO. LTD.
Address: 9014 CYPRESS CT.
TINLEY PARK, IL 60477
By: Roger Maxwell - PRESIDENT
      (Title)

Date: _____

Board of Trustees of the Laborers' Health and Welfare Fund
By: _____ Chairman
By: _____ Secretary
Date: 7/15/01

-5-