IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) ) Case No. 08 C 1283 |
| Plaintiffs, | ) ) Judge Hibbler ) |
| v. | ) Magistrate Judge Ashman ) |
| MAXWELL PLUMBING CO., LTD., an Illinois corporation, | ) ) ) ) |
| Defendant. | ) ) |

## ANSWER TO COMPLAINT

Defendant, Maxwell Plumbing Co., Ltd., by its undersigned counsel, Scopelitis, Garvin, Light, Hanson & Feary, PC, for its answer to Plaintiffs' Complaint, states as follows:

### COUNT I

### (Failure To Pay Benefit Contribution)

1.   Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

**ANSWER**:   Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

**ANSWER**: Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. The Fund are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)5 of the LMRA. 29 U.S.C. §186(c)(5). The Funds have offices and conduct business within this District.

**ANSWER**: Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

**ANSWER**: Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 4, and accordingly, denies the allegations.

5. Defendant Maxwell Plumbing Co., Ltd., (hereinafter the "Company") is an Illinois corporation. The Company does business within this District and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(c).

**ANSWER**:   Defendant admits the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2006 ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and the Company which Agreement adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

**ANSWER**:   Defendant admits the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7. Roger Maxwell, (hereinafter "Maxwell"), is and was at all times relevant the Managing Manager and a shareholder of the Company. The Company and the Funds have been parties to successive the Laborers' Health and Welfare Fund Participation Agreement [for] Non-Bargained Employees (referred to hereinafter as "Individual Self-Contributor Agreement") on behalf of Maxwell, the most recent of which became effective July 15, 2001. A true and accurate copy of the Individual Self-Contributor Agreement is attached as Exhibit B.

**ANSWER**:   Defendant admits the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust "LECET"), the Underground Contractors' Association ("UCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), The CARCO Industry Advancement Fund ("CARCO"), and the Illinois Small Pavers'

Association ("ISPA") to act as an agent in the collection of contributions due to those funds.

**ANSWER**:  Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 8, and accordingly, denies the allegations.

9.    The Agreement, the Individual Self-Contributor Agreement, and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement and Maxwell for pension benefits, health and welfare benefits, and/or benefits from the training fund and to submit monthly remittance reports in which the Company, *inter alia,* identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee and Maxwell.  Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

**ANSWER**:  Defendant admits the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.    The Agreement, the Individual Self-Contributor Agreement, and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

**ANSWER**:  Defendant admits the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.    The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

**ANSWER**: Defendant admits the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12. Notwithstanding the obligations imposed by the Agreement, the Individual Self-Contributor Agreement, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to report and pay contributions owed to Plaintiff Laborers' Pension Fund for Company covered employees from December 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for Company covered employees and Maxwell from December 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay all contributions owed to Laborers' Training Fund for Company covered employees from December 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d) failed to report and pa y all contributions owed to one or more of the other affiliated funds identified above for Company covered employees from December 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e) failed to obtain and maintain a bond in accordance with the Collective bargaining Agreement.

**ANSWER**: Defendant denies the allegations contained in Paragraphs 12(a) through 12(e) of Plaintiffs' Complaint.

13.    The Company failed to timely submit Company covered employee contributions for the month of November 2007.  As a result, the Company owes $393.12 in unpaid late fees to the Funds.

**ANSWER**:    Defendant admits that it did not timely make contributions for the month of November, 2007. Defendant has insufficient information and lacks knowledge to admit or deny the remaining allegations in Paragraph 12 and, accordingly, denies the allegations.

14.    The Company's failure to timely submit current reports and contributions and obtain and maintain a bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

**ANSWER**:    Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 14, and accordingly, denies the allegations.

15.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement, the Individual Self-Contributor Agreement and the funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**:    Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 15, and accordingly, denies the allegations.

## COUNT II

**(Failure To Submit Union Dues)**

16.    Plaintiffs reallege paragraphs 1 through 11 of Count I.

**ANSWER**:  Defendant realleges and restates its answers to Paragraphs 1 through 15 of Count 1 as though fully stated herein.

17.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

**ANSWER**:  Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 17, and accordingly, denies the allegations.

18.    Notwithstanding the obligations imposed by the Agreement and the Individual Self-Contributor Agreement, the Company has failed to submit company union dues that were or should have been withheld from the wages of its employees performing covered work for the period of October 2007 forward, and has failed to submit individual self-contributor union dues that were or should have been withheld from the wages of Maxwell for the period of October 2007 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

**ANSWER**:  Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 18, and accordingly, denies the allegations.

19.    The Company failed to timely submit dues for employees performing covered work for the months of August and September 2007. As a result, the Company owes $33.06 in unpaid late fees to the Funds.

**ANSWER**:  Defendant admits that it did not timely make contributions for the months of August and September 2007. Defendant has insufficient

information and lacks knowledge to admit or deny the remaining allegations in Paragraph 19 and, accordingly, denies the allegations.

20. The Company failed to timely submit individual self-contributor union dues for Maxwell for the months of August and September 2007. As a result, the Company owes $41.81 in unpaid late fees to the Funds.

**ANSWER**: Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 20, and accordingly, denies the allegations.

21. Pursuant to the Agreement and the Individual Self-Contributor Agreement, the Company is liable to the Funds for the unpaid union dues, liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent and such other legal and equitable relief as the Court deems appropriate.

**ANSWER**: Defendant has insufficient information and lacks knowledge to admit or deny the allegations contained in Paragraph 21, and accordingly, denies the allegations.

Respectfully submitted,

**MAXWELL PLUMBING CO., LTD.**

By:   /s/Sara L. Pettinger
       One of its Attorneys

Donald J. Vogel
Sara L. Pettinger
Scopelitis, Garvin, Light, Hanson & Feary, PC
30 West Monroe Street, Suite 600
Chicago, IL 60603
Telephone: (312) 255-7200
Facsimile: (312) 422-1224

## CERTIFICATE OF SERVICE

I, Sara L. Pettinger, hereby certify that on March 27, 2008, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following listed individuals by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Amy Nicole Carollo – amy.carollo@gmail.com
Charles F. Ingrassia – charlesi@chilpwf.com
Christina Katherine Krivanek – christinak@chilpwf.com
Jerrod V. Olszewski – jerrodo@chilpwf.com
Patrick T. Wallace – wallace.patrick@gmail.com
Laborers' Pension and Welfare Funds
Sub Office, 53 W. Jackson Blvd., Suite 550
Chicago, IL 60604

/s/ Sara L. Pettinger