IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, <br><br> Plaintiffs, <br> v. <br><br> MAXWELL PLUMBING CO., LTD. an Illinois corporation, <br><br> Defendant. | Case No.: 08 C 1283 <br><br> Judge Hibbler |

## REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FED. R. CIV. P. 26(f)

NOW COME Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity and James S. Jorgensen, Administrator of the Funds, (collectively referred to hereinafter as the "Funds"), by their attorney, Amy Carollo, and Defendant Maxwell Plumbing Co., Ltd., by and through its attorney, Donald J. Vogel, and hereby submit the Report of Parties' Planning Meeting in accordance with Fed. R. Civ. P. 26(f). In support of this Report, the parties state as follows:

1. The parties have conferred regarding discovery in this case.

2. The parties propose that all fact discovery be completed on or before Monday, August 11, 2008.

3. The parties propose that a deadline for the filing of dispositive motions be set for Thursday, September 11, 2008.

4.	The parties will exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by July 11, 2008.

5.	Plaintiffs brought this action to compel the Company to submit its benefits reports for the period of December 2007 forward, dues reports for the period of October 2007 forward, liquidated damages, and to require the Company to obtain and maintain a surety bond. Subsequent to filing the Complaint, an audit was conducted and sent to the Defendant for challenges. The Defendant currently does not have any challenges but will not stipulate to a judgment. Plaintiffs' discovery requests will seek the information they contend is necessary for Plaintiffs to prove that the amounts listed in the audit are owed to the Plaintiffs. The Parties do not believe there is any reason to conduct discovery in phases in this case.

6.	The parties are not requesting any modifications in the limitations on discovery set forth under the Federal Rules of Civil Procedure and/or the local rules at this time. In the event that either party seeks an extension or limitation on the scope of discovery as provided for in the Rules the party will promptly bring a separate motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| June 13 2008 | Laborers' Pension Fund, et al. |
|  | By: /s/ Amy Carollo |
| Office of Fund Counsel<br>111 W. Jackson Blvd., Suite 1415<br>Chicago, IL 60604<br>(312) 692-1540 |  |
| June 13 2008 | Maxwell Plumbing Co., Ltd. |
|  | By: /s/ Donald J. Vogel |
| Donald J. Vogel<br>Scopelitis, Garvin, light, Hanson & Feary, PC<br>30 West Monroe St., Suite 600<br>Chicago, IL 60603<br>312-255-7200 |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that she caused a copy of the foregoing Report of Parties' Planning Meeting Pursuant to Fed. R. Civ. P. 26(f) to be served upon the following person via the Court's electronic notification system this 13$^h$ day of June 2008.

Donald J. Vogel
Scopelitis, Garvin, light, Hanson & Feary, PC
30 West Monroe St., Suite 600
Chicago, IL 60603

/s/ Amy Carollo